# In the United States Court of Federal Claims

|  |  |
|---|---|
| RONALD J. RICHARD, | |
| Plaintiff, | No. 26-cv-0333 |
| v. | (Filed: March 11, 2026) |
| THE UNITED STATES, | |
| Defendant. | |

## OPINION AND ORDER

On February 27, 2026, Plaintiff Ronald J. Richard, proceeding pro se,[1] filed this civil action asserting various claims against the United States. *See* Compl., ECF No. 1. In his Complaint,[2] Mr. Richard alleges violations of the Fifth Amendment, as well as "identify fraud, misclassification, deprivation of property, treason under Article III, and ethnocide." *See id.* at *1. Mr. Richard alleges no facts in support of these causes of action—instead, he vaguely asserts that "the compelled production of multiple documents to establish [his] identity and status," such as his birth certificate and driver's license, is a violation of his constitutional rights. *Id.* at *2. It is apparent from his attached "Declaration of Sovereignty" that Mr. Richard believes he is "not a subject or citizen of . . . the United States Corporation," and is thus entitled to "sovereign status under natural law." Compl. Exs. at *14, ECF No. 1-2. Mr. Richard's handwritten exhibits are difficult to parse, consisting of his apparent musings on "equity," *id.* at *10–13, and the so-called "Grandfather clause," *id.* at *15–17, interspersed with random citations to irrelevant authority. *See, e.g.*, *id.* at *11 (citing *People v. Hall*, 4 Cal. 399 (1854)); *id.* at *13 (citing "Proverbs 11:15"). Mr. Richard apparently requests $500,000 in just compensation for several vaguely stated harms: "Ongoing injury to identity," "Loss of rightful origin," "Civic displacement," and

---

[1] Mr. Richard contemporaneously filed an incomplete motion for leave to proceed *in forma pauperis* ("IFP"). *See* IFP App., ECF No. 2. Although several questions on the standard IFP form were left blank, a pro se litigant's burden of demonstrating an inability to pay under 28 U.S.C. § 1915(a)(1) "is not high." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). The pertinent question is whether "paying such fees would constitute a serious hardship on the plaintiff." *Id.* Whether to grant IFP status "is generally committed to the sound discretion of the trial court." *Arunachalam v. McNamara*, 839 F. App'x 543, 544 (Fed. Cir. 2021). Mr. Richard states that he is unemployed with no savings, and that he cuts grass to pay for monthly expenses. Thus, based on the information contained in his filings, Mr. Richard is eligible under 28 U.S.C. § 1915(a)(1), and his motion for leave to proceed IFP, ECF No. 2, will be **GRANTED**.

[2] Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

"Government seizure of intangible national property." *Id.* at *18. For the reasons stated below, the Court does not have jurisdiction to hear any of Mr. Richard's claims. Accordingly, the Court must **DISMISS** the Complaint.

Pro se plaintiffs, such as Mr. Richard, are held to a less stringent standard than plaintiffs with attorney representation; however, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the United States Court of Federal Claims ("RCFC") 12(h)(3); *see also* RCFC 12(b)(1) (dismissal for lack of subject matter jurisdiction); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

The Court derives its power primarily from the Tucker Act, which states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a contract or a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006). This is commonly referred to as a "money-mandating" law. *Id.*

The Court lacks subject matter jurisdiction over Mr. Richard's claims to the extent his allegations pertain to the acts of state, local, and private entities. The Court's statutory authority is limited to claims against the federal government. *See* 28 U.S.C. § 1491(a)(1); *Curie v. United States*, 163 Fed. Cl. 791, 808–09 (2022) ("It is well established that [the Court of Federal Claims] lacks jurisdiction to hear claims against state, local officials, or private individuals or entities, who are not federal employees."). Complaints naming "private parties, or local, county, or state agencies, rather than federal agencies," are outside of this Court's jurisdiction. *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007). If a complaint seeks relief "against others than the United States," then the suit "must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Although the standard pro se complaint form nominally identifies the United States as defendant, Mr. Richard additionally wrote "Louisiana Republic" into the case caption. *See* Compl. at *1. In the attached exhibits, Mr. Richard again styles his case as "We the People, Richard Ronald J. vs. Louisiana Republic & United States." Compl. Exs. at *10. Indeed, the only governmental acts Mr. Richard vaguely references are the alleged "misclassification and manipulation of birth certificate, driver's license, property, status, and human capital." Compl.

2

at *4. Issuance of a birth certificate and driver's license are state matters, not federal. *See, e.g.*, La. Rev. Stat. §§ 40:32 et seq. ("Vital Statistics Laws"); *id.* §§ 32:401 et seq. ("Driver's License Law"). Thus, to the extent the Court can decipher his vague allegations, the Court lacks jurisdiction to hear Mr. Richard's claims because they challenge state law and procedures.

Further, Mr. Richard does not assert any claims within the Court's jurisdiction. The Court has limited jurisdiction over claims against the United States stemming from contracts or certain money-mandating sources of law. *See* 28 U.S.C. § 1491(a)(1); *Testan*, 424 U.S. at 398. "[I]t is well settled that the Court of Federal Claims lacks jurisdiction over tort claims," including fraud or "claims involving civil rights violations." *Hale*, 143 Fed. Cl. at 186 (cleaned up). The Tucker Act likewise does not provide jurisdiction for claims based on the Due Process or Equal Protection clauses of the Fifth and Fourteenth Amendments as they do "not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Mr. Richard broadly alleges "identify fraud," "misclassification," "treason," "ethnocide," and "direct violation of [his] due process rights." Compl. at *1–2. What Mr. Richard alleges are tort-based claims. Even assuming he has alleged facts to support such claims, he fails to identify any money-mandating sources of law. Although Mr. Richard nominally cites the "Taking Clause of the Fifth Amendment," *id.* at *2, and he alleges "the unlawful taking of private property for public use without just compensation," *id.* at *4, he identifies no valid property interest. Instead, Mr. Richard asserts that "claims of identity fraud, and accusations framed as treason under Article III, can be articulated as a deprivation of property . . . where an individual argues that their labor, status or legal identify [sic] ('human capital') has been misappropriated or unlawful [sic] converted." *Id.* at *6. Mr. Richard apparently claims that "ethnocide"—or the "structural or systemic deprivation" of "a people's identity, culture, or legal personhood"—qualifies as a constitutional taking. *Id.* Mr. Richard cites no authority in support of such outlandish assertions, despite his burden to establish the Court's jurisdiction. *Hale*, 143 Fed. Cl. at 184. Mr. Richard's attempt to reframe tort-based civil rights violations as a "taking" is unavailing. Because he has not identified a "substantive right enforceable against the United States for money damages," *Testan*, 424 U.S. at 398, the Court lacks jurisdiction over Mr. Richard's vague claims for identity fraud, treason, ethnocide, and other tort-based civil rights violations.

In sum, the Court lacks authority over this matter, and Mr. Richard's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and 12(h)(3).[3]

---

[3] The Court also considers whether transfer of the action, as opposed to dismissal for lack of subject matter jurisdiction, would be "in the interest of justice." 28 U.S.C. § 1631. Although Mr. Richard does not explicitly identify himself as a member of the "sovereign citizen" movement, his nonsensical Complaint bears many of the relevant indicia, including his self-styled "Declaration of Sovereignty." Compl. Exs. at *14. This Court is familiar with these types of frivolous claimants. *See, e.g.*, *Cargill v. United States*, No. 25-175, 2025 WL 1218231, at *5 (Fed. Cl. Apr. 28, 2025) ("Claims predicated on sovereign citizen theories are frivolous." (collecting cases)). Indeed, as the Court noted several times, Mr. Richard alleges no facts but apparently seeks damages due to generalized grievances due to his state citizenship, such as state birth certificate and driver's license requirements. Accordingly, the Court in its discretion does not find transfer to be "in the interest of justice."

**CONCLUSION**

For the reasons set forth above, the Court does not have subject matter jurisdiction over Mr. Richard's claims, and they are subject to dismissal pursuant to RCFC 12(b)(1) and 12(h)(3). The Court hereby **GRANTS** Mr. Richard's motion to proceed IFP, ECF No. 2, and **DISMISSES** his Complaint, ECF No. 1, for lack of subject matter jurisdiction.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal of this decision will not be taken in good faith. The Clerk of Court shall enter **JUDGMENT** accordingly.

 **IT IS SO ORDERED.**

           _____

           ROBIN M. MERIWEATHER
           Judge